PORTO RICO FERTILIZER Co., Plaintiff and Appellant, v. ANTONIO ROIG, Defendant and Appellant.

No. 4315. Argued May 23, 1928.—Decided March 7, 1929.

*González Fagundo & González Jr.*, for the defendant-appellant. *Besosa & Besosa* for the plaintiff-appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The Porto Rico Fertilizer Company brought an action to recover five thousand seven hundred forty-four dollars thirty-seven cents ($5,744.37) charged to the account of Antonio Roig upon the books of F. Fernández & Company. In a previous action instituted by the Porto Rico Fertilizer Company against F. Fernández & Co. this account had been levied upon and sold under execution. Plaintiff was the purchaser.

Both parties appeal from a judgment in favor of plaintiff for three thousand one hundred forty-four dollars thirty-seven cents ($3,144.37) without special pronouncement as to costs.

Roig submits that the complaint does not state facts sufficient to constitute a cause of action and cites *J. Ochoa y Hermanos* v. *Heirs of Lanza,* 17 P.R.R. 398.

In that case the essential averment of the complaint was a bare conclusion of law to the effect that plaintiff was a creditor of defendant by virtue of obligations contracted, specifying the amount. In the instant case plaintiff alleges that the defendant Roig owed Fernández & Co., according to their books, five thousand seven hundred forty-four dollars thirty-seven cents ($5,744.37) for merchandise which he had purchased and received and that this account has become the property of plaintiff. In what way is elsewhere set forth in detail, and there is no question as to the sufficiency of this part of the complaint. The facts as to Roig's indebted-

ness to Fernández & Co. are enough to show the existence and origin of an obligation to pay for goods sold and delivered to him. *Giménez* v. *Alfonso,* 29 P.R.R. 300. See also *Alfaro* v. *Alonso,* 27 P.R.R. 50, and *Lizardi* v. *Marrero,* 32 P.R.R. 551.

Roig's second contention is that the court below over-estimated the probative value of the books kept by Fernández & Co. and erred in basing its judgment upon such evidence.

Plaintiff introduced in evidence the books of Roig, as well as those of Fernández & Co. Pursuant to agreement of the parties, the court authorized three expert accountants to examine both sets and to make a report. Two of these experts were named by plaintiff and the third by defendant. The one last mentioned points out in his report that on April 13, 1921, the two sets of books were in complete accord. The accountants named by plaintiff seem to have based their conclusions upon an analysis of the Roig accounts practically disregarding the books of Fernández & Co. None of the items contained in the books last mentioned appear to have been challenged by Roig. The whole controversy in the court below seems to have turned upon the question as to whether or not certain items contained in the accounts kept by Roig should be allowed as valid claims against Fernández & Co. There was no difference of expert opinion about the probative value of the books kept by Fernández & Co. The trial judge allowed in favor of Roig a certain item on his books which had been rejected by plaintiff's experts. In rejecting other such items he concurred in the report. Any reference he made to the books of Fernández & Co. lends but little color to the theory of a judgment based upon an over-estimate of their probative value.

But counsel for Roig points to the fact that according to the loose-leaf record kept by Fernández & Co., so far as available, the Roig account ended in February, 1921, and was acquired by plaintiff in May, 1922. The gist of the argument is that in the absence of anything to show what occurred

during the time that elapsed between these two dates, effect should be given to article 48 of the Code of Commerce which provides, among other things, that—

"2. If the entries of the books exhibited by two merchants should not conform, and those of one of them have been kept with all the formalities mentioned in this title, and those of the other contain any defects or lack the requisites prescribed by this code, the entries of the books correctly kept shall be admitted against those of the defective ones, unless the contrary is demonstrated by means of other proofs legally ·admissible."

The books of Fernández & Co. were not in the possession of plaintiff at the time of the trial, nor at any time previous thereto, but were produced by the managing member of F. Fernández & Co. as a witness for plaintiff. The claim asserted by the plaintiff did not involve any indebtedness on the part of Roig alleged to have been incurred after February, 1921, but was based exclusively upon the account as it stood at that time. There is no incompatibility between the account kept by Fernández & Co. and the entries made by Roig in his books. There is no presumption that conditional or unwarranted entries in Roig's books would be substantiated by similar items in the books of Fernández & Co. if the missing leaves should be produced.

We quite agree with counsel for appellant Roig that the court below erred in holding to be admissible as evidence a certificate in narrative form by the clerk of the District Court of San Juan, setting forth facts and conclusions both positive and negative as to the entry of judgment, issuance of execution, and other matters of record in the case of the Porto Rico Fertilizer Co. v. Fabriciano Fernández et al., doing business under the firm name of F. Fernández & Co. In so far as the matters so set forth are concerned the objection of defendant should have been sustained.

The document in question, however, refers to and identifies a complete transcript of the marshal's return, or official record, of what occurred at the execution sale. A duplicate

of this paper signed by the marshal immediately after the sale at the instance of counsel for plaintiff in the original action was also introduced in evidence. This, we think, may be regarded as substantially equivalent to the certificate of sale which the marshal is required to deliver to the purchaser by the terms of section 258 of the Code of Civil Procedure. By the provisions of that section "such certificate conveys to the purchaser all the right which the debtor had in such property on the day the execution or attachment was levied." In the circumstances and in the light of the legal presumption as to jurisdiction and regularity of proceedings in a court of record the other matters referred to in the clerk's certificate may be treated as surplusage and the error complained of as harmless.

The fourth assignment is that the court below erred in admitting in evidence a written report made by the expert accountants.

The defendant Roig, while on the stand as a witness for plaintiff, was the first to suggest the appointment of an expert accountant who should examine both the books kept by witness and those of Fernández & Co. Then, after some discussion, an agreement was reached as to the appointment of experts representing both parties. The manner in which the result of the proposed examination should be made known to the court and to the parties was left in abeyance. A report in writing seems to have been in the mind of the trial judge when he announced that the examination of books would be postponed until such report was available as a basis for further investigation. At this point, counsel for defendant stated that the books were before the court which was free to determine the probative value of their contents, and expressed an opinion to the effect that defendant had a right to be present when the books were examined. The judge said that the question was as to the manner in which the examination should be made. Counsel for defendant thought that the examination should be made in open court.

Thereupon court and counsel agreed that the examination in question was to be made at some time in the future, but nothing more was said about a report from the experts as a basis for such examination.

When the report made by plaintiff's experts was offered in evidence counsel for defendant indicated a willingness to accept so much of the document as referred to the "materiality" of facts appearing upon the face of the accounts, but protested against the rejection by the experts of certain items or charges contained in the books kept by Roig, upon the theory that the propriety or impropriety of such entries was a matter to be determined by the court. The district judge, after hearing argument, announced that the report would be admitted for the purpose of consideration upon the merits, after the elimination of such conclusions as were not within the province of the experts. Counsel for defendant then remarked, "That was the question I wanted to raise, Your Honor." Thereupon counsel for plaintiff inquired whether the document was to be admitted and counsel for defendant replied, "Yes, subject to the reservation I have made, and in accordance with the ruling of the court." The court then announced the admission of the document in evidence, and no exception was taken.

The expert who identified the report continued to testify as a witness for plaintiff, and explained to the court in detail the various accounts and considerations upon which his conclusions were based. The report contains nothing that was not repeated and in most instances elaborated in the course of this testimony, and an ample opportunity for cross-examination was thus extended to defendant.

We quite agree with counsel for appellant that, ordinarily, rulings upon the admissibility of evidence should be definitely made at the time the objection is made, and that the practice of taking such matters under advisement with a view to determination at the time of disposing of the case upon its

merits is not commendable. In the peculiar circumstances of the instant case we find no reversible error.

The fifth and final proposition submitted by defendant-appellant is that the judgment is contrary to the evidence. The argument, in so far as it does not involve a rehearsal of matters already considered, is that plaintiff, after introducing in evidence the account kept by defendant, could not be heard to question the correctness or validity of any of the items contained therein.

In the absence of any citation of authority we are not prepared at this time to say that plaintiff herein was bound to accept as valid and correct items charged to the account of F. Fernández & Co. when such items were obviously of a conditional or tentative character, offset and neutralized by other subsequent entries, and shown by other evidence not to constitute a valid or existing claim against F. Fernández & Co.

Plaintiff-appellant submits that the court below erred in finding that defendant had paid a certain note executed by F. Fernández & Co. in favor of Pedro Salazar and indorsed by Salazar to the order of defendant; in holding that defendant was justified in charging upon his books the amount of such instrument to the account of F. Fernández & Co., over their objection and protest, and in deducting from the amount claimed by plaintiff the sum of two thousand six hundred dollars ($2,600).

The defendant Roig testified that he had paid the Salazar note. He was somewhat evasive as to the manner in which such payment had been made, but, as he pointed out, it was not necessary that the full amount of the note should have been delivered to Salazar in money, or by check or in any other specific fashion. He also stated that he had twice sent the note to F. Fernández & Co., who returned it to him upon the first occasion. In this he is corroborated by documentary evidence, and it does not appear that the note was returned to him the second time. Nor does the note appear upon the

books of F. Fernández & Co. as an outstanding obligation in favor of Salazar, or otherwise. Roig also stated under oath that Salazar was satisfied. His testimony upon this point is uncontradicted.

Counsel for plaintiff-appellant in this connection refer to *Frías* v. *González,* 35 P.R.R. 207; section 108 of the Law of Evidence; sections 1134, 1163, 1164 and 1182 of the Civil Code, and sections 224 and 235 of the Code of Commerce. The facts outlined in the foregoing paragraph shifted the burden of proof. The sections of the Civil Code and of the Code of Commerce so relied upon, in so far as applicable to the instant case, do not require a reversal.

Plaintiff-appellant also says that the court below erred in not awarding costs to plaintiff.

In support of this contention counsel for plaintiff-appellant point to the attitude assumed by Roig while on the stand as a witness for plaintiff, and to the active opposition displayed by counsel for defendant during the course of the trial.

A reasonable degree of combativeness on the part of counsel is not reprehensible. Hostility, reluctance and evasiveness on the part of a defendant, when placed on the stand by plaintiff, are matters to be regulated and kept within bounds by the court while conducting the trial. Contempt of court can not be made the basis of an award of costs to either of the parties in a civil action.

In the instant case defendant succeeded in reducing the amount of plaintiff's claim by approximately one-half, and it was in recognition of this fact, no doubt, that the judgment for plaintiff contained no pronouncement as to costs. In any event, there was no abuse of discretion, and we are not disposed to disturb the result.

The judgment appealed from must be affirmed.